UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDDIE L. SWINSON,

    Plaintiff,

v.                                          Case No. 3:15cv487-MCR-CJK

CORIZON HEALTH,
INC., et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This prisoner civil rights case, brought under 42 U.S.C. § 1983, is before the court on defendants' motion to dismiss plaintiff's second amended complaint. (Doc. 35). Plaintiff responded in opposition. (Doc. 37). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned recommends that defendants' motion to dismiss be granted because plaintiff's allegations fail to establish that defendants were deliberately indifferent to plaintiff's medical needs.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections ("FDOC") currently confined at the Reception and

Medical Center. On January 4, 2017, plaintiff filed the second amended complaint, the operative pleading in this action. (Doc. 32). The complaint names 4 defendants: Corizon Medical Services, Inc. ("Corizon"), Nurse M. Nichols, Nurse Derrick, and Dr. S. Schwartz. At the time of the events described in the complaint, Nichols, Derrick, and Schwartz provided healthcareservices to inmates at Santa Rosa Correctional Institution ("SRCI") on behalf of Corizon. The complaint sets forth the factual allegations that follow.

In November 1999 plaintiff injured his back while working for Florida Furniture Company. He received workers' compensation benefits until October 2012; thereafter, he received Social Security disability benefits. "Plaintiff's back injury is manifested by several herniated discs affecting his neck, shoulders, back, and legs, causing chronic pain." Doctors prescribed plaintiff Roxycodone, Oxycontin, Fentanyl patches, and Xanax following the injury.

In November 2013 plaintiff was sentenced to 7 years in prison. On March 14, 2015, plaintiff "employed the prison sick call procedures seeking treatment for his chronic pain" but "no treatment or follow up exam was provided, merely Ibuprofen and analgesic [rub] was dispensed." Sick call visits on June 9 and September 9 also resulted in the provision of Ibuprofen and analgesic rub. "Plaintiff was seen at sick call by Nurse Ms. Derrick and later by nurse practitioner Ms. Nichols, who makes

the decisions as to plaintiff's health care."[1]  Plaintiff asserts SRCI's medical staff "was aware of [his] medical history."

On March 17, 2015, plaintiff submitted a formal grievance to the warden of SRCI concerning his medical care.  Dr. Schwartz denied the grievance, stating "the evaluation by nurse on 3/14/2015 was adequate and appropriate for the concerns you came to sick call with."  Plaintiff appealed the denial to the Secretary of the FDOC on April 2, 2015; the Secretary denied the appeal, indicating "it is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing."

Based on the foregoing, "plaintiff claims that the named defendants' refusal to provide anything more than Ibuprofen and analgesic rub to treat his chronic back disability caused by herniated discs, that limited his mobility, impaired his strength and causes chronic ongoing pain, constitutes a violation of the Eighth Amendment." As relief, plaintiff seeks compensatory, punitive, and nominal damages.

On February 8, 2017, defendants moved to dismiss the second amended complaint, arguing plaintiff cannot state an Eighth Amendment claim against the individual defendants because: (1) plaintiff alleges only that he should have been provided with different medications; (2) defendants' decision not to prescribe the

---

[1] The response to the motion to dismiss indicates Nurse Derrick treated plaintiff on March 14 and Nurse Nichols treated him on June 9 and September 9.

"enormously addictive drugs" plaintiff took before his incarceration is reasonable; and (3) plaintiff has not alleged Nurses Derrick and Nichols are capable of writing prescriptions for the "highly addictive medications." Defendants argue plaintiff cannot state an Eighth Amendment claim against Corizon because: (1) his factual allegations concerning Corizon are vague; (2) "there are no allegations [Corizon's policies were] created with the requisite degree of culpability"; (3) there are no allegations that any Corizon policy had a direct causal effect on plaintiff's medical care; and (4) Corizon cannot be vicariously liable for its employees' actions.

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.

Case 3:15-cv-00487-MCR-CJK   Document 38   Filed 05/03/17   Page 5 of 11

Page 5 of 11

1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").[2] Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Case No. 3:15cv487-MCR-CJK

level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

## DISCUSSION

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A § 1983 claim arises when prison officials act with deliberate indifference to an inmate's serious medical needs, which violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 1307 (quotation omitted); *see also id.* ("[T]he medical need must be one that,

if left unattended, poses a substantial risk of serious harm.") (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (*quoting Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To establish deliberate indifference, the defendant's response to the medical need must be more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted). Prison officials may avoid Eighth Amendment liability by showing, for example: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Here, plaintiff presented to SRCI's medical department with a back condition—and associated pain—experienced for over 10 years. Plaintiff does not allege his preconviction care involved anything other than medication-based pain management. Defendants' decision to treat plaintiff's pain with Ibuprofen and analgesic rub instead of the narcotic pain medication he previously received does not constitute deliberate indifference. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (plaintiff must demonstrate "that the prison official's response 'to [the serious medical] need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law'") (*quoting Taylor*, 221 F.3d at 1258); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations."). Although plaintiff disagrees with the defendants' treatment regimen, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support an Eighth Amendment claim. *Harris*, 941 F.2d at 1505; *see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding

liability under the Eighth Amendment.") (*quoting Estelle*, 429 U.S. at 107); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) ("[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation.").

Plaintiff's response to the motion to dismiss also faults defendants Derrick and Nichols for not referring him to a doctor for additional examination. (Doc. 37, p. 7-8). The complaint, however, does not allege plaintiff ever requested to be seen by a doctor or specialist during the sick call visits. Moreover, plaintiff accessed sick call only 3 times over a 6-month period in 2015. These facts do not suggest the nurses exhibited deliberate indifference to plaintiff's condition. Plaintiff's allegations, therefore, fail to state an Eighth Amendment claim against defendants Derrick and Nichols.

In addition, plaintiff cannot state an Eighth Amendment claim against Dr. Schwartz or Corizon. A private entity—like Corizon—providing medical care to inmates may be liable under § 1983 if the action alleged to be unconstitutional is undertaken pursuant to that entity's policy or custom. *See Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997). Here, however, Corizon cannot be liable on the basis that its policies caused a constitutional violation because there was no violation of plaintiff's constitutional rights by Nurse Derrick or Nurse Nichols. *See Gish v. Thomas*, 516 F.3d 952, 955 (11th Cir. 2008). For the same reason, plaintiff's attempt

to state an Eighth Amendment claim against Dr. Schwartz for denying a formal grievance and "tacitly approving" the nurses' treatment is futile.

Accordingly, it is ORDERED:

1.   The clerk is directed to update plaintiff's address to Reception and Medical Center, Main Unit, 7765 S. CR 231, P.O. Box 628, Lake Butler, Florida 32054-0628.  The clerk shall send a copy of this report and recommendation to plaintiff at that address.

And it is respectfully RECOMMENDED:

1.   That defendants' motion to dismiss plaintiff's second amended complaint (doc. 35) be GRANTED and plaintiff's claims be DISMISSED.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of May, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv487-MCR-CJK

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.